## SUPREME COURT.

### In the Matter of MORRIS LEWINSKI.

*Children — under sixteen years of age, convicted of petit larceny, where to be confined — Not to be detained in city prison — Habeas corpus.*

Where a child under sixteen years of age was tried and convicted by the court of special sessions of the city of New York, of petit larceny, and committed by the magistrate to the House of Refuge for the term of three months, and was taken by the sheriff to said House of Refuge, and was there tendered to the superintendent and managers thereof, but the said superintendent and managers refused to receive him, for the alleged reason, that he was committed for a specified time, and the sheriff returned the prisoner to the city prison; on *habeas corpus:*

*Held,* that there is no justification for the prisoner's detention in the city prison, and, as the House of Refuge has refused to receive him from the sheriff, that he is entitled to his discharge.

Is the House of Refuge such an institution as is described in section 4 of chapter 496 of the Laws of 1881, and therefore bound to receive the relator on the commitment of the court of special sessions (*quære*).

*At Chambers, January,* 1884.

A HABEAS CORPUS was issued in this case to the sheriff of the city and county of New York and the warden of the city prisons, directing the production of the relator, &c. The sheriff made return to the writ, that he arrested and took into his custody the said relator under and by virtue of a certain transcript of the minutes of the court of special sessions of the peace, a copy of which was annexed to and made a part of the return. It appeared by such transcript that, on the 21st of December, 1881, the relator was tried for and convicted at the court of special sessions of a misdemeanor, to wit, petit larceny, for which it was adjudged, it appearing to the court that he was under the age of sixteen years, that he be sent to the House of Refuge, there to be dealt with according to law for the term of three months.

It further appeared from the return of the sheriff, that he took the said Lewinski on the 22d day of December, 1881, to the said House of Refuge, and then and there tendered him to the superintendent and managers thereof to be dealt with according to law, but that the said superintendent and the managers then and there refused to receive the said Morris Lewinski, for the alleged reason that he was committed for a specific time, which more particularly appears by the indorsement of said superintendent upon said transcript of the number of his said conviction, and that thereupon, he, the said sheriff, returned the said Lewinski to the city prison of the city of New York whence he had taken him, being unable to transfer him to said House of Refuge, and that he now holds and detains him in his custody by virtue of the warrant aforesaid.

Following is the indorsement of the superintendent of the House of Refuge upon the transcript referred to in the sheriff's return :

" Morris Lewinski being committed for a special term of three months is not admitted as an inmate of the House of Refuge, under resolution of the board of managers passed November 4, 1881.          ISRAEL JONES, *Supt.*

"*December* 22, 1881."

*John D. Ahrens* and *Walker & Cummins*, for relator.

*Knox & MacLean*, for Peter Bowe, sheriff.

*Daniel G. Rollins*, for people.

*E. Randolph Robinson*, for House of Refuge.

LAWRENCE, *J.*— Under the fourth section of chapter 496 of the Laws of 1881, I think it may be argued with much force that the House of Refuge is " an institution authorized by law to receive children on final commitment, and to receive and derive compensation therefor from city or county authorities," and that, therefore, the institution was bound to receive the relator on the commitment of the court of special sessions. (*Wallack* agt. *The Mayor, &c.*, 3 *Hun*, 84). In the view which I take of this case it is not, however, necessary, to pass finally on this question. It appears from the return of the sheriff that on the day after the conviction of the prisoner, to wit, on the 22d day of December, 1881, he took him to the House of Refuge and Detention, and then and there tendered the said Morris Lewinski to the superintendent and managers, to be dealt with according to law; but that the said superintendent and managers then and there refused to receive the said Lewinski, on the ground that he was committed for a specified time, and that, therefore, he (the sheriff) returned the said Lewinski to the city prison, the place from whence he had taken him. By the act of 1881, already referred to, it is provided that " any such child convicted of any misdemeanor shall be finally committed to some such institution, and not to any prison or jail or penitentiary longer than is necessary for its transfer thereto." If this were a direct proceeding to compel the House of Refuge to receive the petitioner into its custody, it would be necessary to definitely pass upon the question whether the House of Refuge is or is not such an institution as is described in section 4 of the act of

---

1881; but it is not such a proceeding. The matter comes before me on *habeas corpus*, to inquire into the cause of the detention of the petitioner. It is quite plain that there is no justification under the commitment for his detention in the city prison. The act of 1881 expressly forbids the detention of a child, of the age of the prisoner, who has been convicted of any misdemeanor, in any prison or jail or penitentiary longer than is necessary for its transfer to one of the institutions mentioned in the act. There has been an attempted transfer in this case, so that it cannot be said that sufficient time has not elapsed to enable the authorities to have the transfer made. Is the boy to stay in the city prison until the question of the liability of the House of Refuge to receive him is settled by legal proceedings? Such cannot have been the intention of the legislature. I think, therefore, that there is no justification for the prisoner's detention in the city prison, and, as the House of Refuge has refused to receive him from the sheriff, that he is entitled to his discharge; and an order to that effect will be entered.